NICK STAMPONE, PLAINTIFF-RESPONDENT, v. THE TRAVELERS INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

NICK STAMPONE, PLAINTIFF-APPELLANT, v. THE TRAVELERS INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Submitted October 26, 1934—Decided January 15, 1935.

For the plaintiff-appellant, *Isadore Rabinowitz.*

For the defendant-respondent, *William V. Rosenkrans.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This appeal is from a judgment of the Supreme Court, Passaic county, the trial court having determined the matters in dispute on stipulated facts.

It appears that on May 1st, 1926, the plaintiff, while in the employ of a road contractor, sustained serious injuries through the negligence of a third party, Victor Ernest. In due course he filed a formal petition for compensation which was not prosecuted, because the defendant, The Travelers Insurance Company, which was the insurer of the employer,

guaranteed the payment of compensation. Meanwhile the injured employe brought a common law action for damages resulting from his injuries against the said Ernest, which action was thereafter settled for the sum of $6,000 by the Indemnity Insurance Company of North America, the insurer of Ernest.

Prior to the settlement of the common law action, the employer had served notice on the tort feasor pursuant to the provisions of the statute (*Pamph. L.* 1913, *ch.* 174, § 23 (at *pp.* 312-313); *Pamph. L.* 1919, *ch.* 93, § 23-f—Workmen's Compensation act), to the effect that the said Ernest would be held answerable to reimburse the employer for compensation already paid the injured employe and for payments that subsequently would be made· under said compensation agreement.

At the time this settlement was consummated The Travelers Insurance Company, employer's insurer, had already paid to the injured plaintiff, for medical expenses, temporary disability, and on account of permanent disability, a total of $1,906.03. The Indemnity Insurance Company, Ernest's insurer, in making actual settlement of the plaintiff's common law action, paid over to the Travelers Insurance Company this amount of $1,906.03 and paid the balance of $4,093.97 to the plaintiff. Plaintiff thereafter went before a deputy commissioner of the compensation bureau and signed what purports to be an agreement waiving his right to *future* sums that might be due under his claim for compensation against the employer.

About five years later plaintiff brings this suit against the employer's insurer for the entire amount of the original compensation award, that is, for the amount refunded to it, The Travelers Insurance Company, out of the settlement money and for the balance of the compensation unpaid at the time of that settlement.

The court below found that the plaintiff was entitled to have returned to him the sum of $1,906.03 which the defendant had received in reimbursement of compensation payments made by it to the plaintiff and denied the plaintiff's right to

the balance under the compensation agreement which amounted to $1,139. From that judgment both parties appeal, the plaintiff charging that the court fell into error by denying him judgment for the amount of compensation remaining unpaid and the defendant charging that the court fell into error in allowing the plaintiff to recover the sum of $1,906.03.

Considering first the plaintiff's appeal from the denial of his claim for $1,139, for compensation unpaid at the time of the settlement of the plaintiff's action against Ernest, we find the judgment of the trial court is free from error. The settlement with the third party tort feasor was for a sum in excess of the total amount of his compensation. Under the provisions of the statute, amending the Workmen's Compensation act of 1911 (Cf. paragraph 23, *supra*), where the sum recovered against a third party is equivalent to or greater than the total compensation payments for which the employer is liable under the statute, the employer is released thereby from the obligation of compensation providing that notice, as here, was served upon such third party before settlement. It is argued that this provision of the statute benefits the employer only and not his insurer. With this contention we do not agree. Here the employer was primarily liable to pay the compensation in question. The defendant insurer in this case merely guaranteed the payment. Under the compensation agreement exhibited in the record, the defendant appears as an express guarantor. Under these circumstances, the termination of liability of the principal, in this case the employer, ended the liability of the guarantor.

As to the defendant's appeal from the judgment against it for the amount of $1,906.03, that judgment is likewise free from error. At the time of the settlement of this case a fund of $6,000 was appropriated by the insurer of the third party, Ernest, to satisfy the plaintiff's damages. The plaintiff received $4,093.97 and the balance of $1,906.03 the defendant received. The parties stipulate that this payment was made through a mistake of law between the two insurance companies. This militates not at all against the plaintiff's rights.

He was not a party to the arrangement. The defendant knew or is chargeable with knowledge that it had no right of subrogation. The employer would have had such right of subrogation had compensation been paid by the employer. What the defendant and the third party insurer believed the rights of the parties to be is of no moment. The provision of the statute (*supra*) bestowing a right of subrogation under these circumstances upon the employer, and limiting it to the employer, had been on the statute books since 1913. It is true that this court did not construe this provision of the statute until the year 1932 when the case of *Erie Railroad* v. *Michelson,* 111 *N. J. Eq.* 541, arose, but if the parties chose to construe statutory provisions for themselves they must bear the consequences if their construction happened to be an erroneous one.

Defendant places reliance upon the fact that there was no privity in this transaction between itself and the plaintiff and that therefore the action doesn't lie. We may admit that there was no privity, express or implied, and that no specific *res* belonging to the plaintiff had been turned over by the third party to the defendant, but none the less this amount of $1,906.03 was part of a specific fund appropriated for the use of and belonging to the plaintiff and which defendant wrongfully keeps. *Sergeant & Harris* v. *Stryker,* 16 *N. J. L.* 464. To suffer the defendant to retain this sum would, by indirection, support a right of subrogation for the benefit of the defendant which at that time under the law it did not possess. The position of insurers, under circumstances like these, has been ameliorated since adoption of the 1931 statute. *Pamph. L.* 1931, *ch.* 279, *p.* 704. See *Scheno Trucking Co., Inc.,* v. *Bickford et al.,* 115 *N. J. Eq.* 380; *affirmed,* 116 *Id.* 586.

It is argued that the pleadings do not support the plaintiff's claim or the theory of the trial court's finding and, consequently, do not support the judgment. This is true, but none the less since the facts are before us by stipulation and since it is manifest that plaintiff has suffered a wrong through the retention of his money by the defendant, the complaint should be amended to include a count for money had and

received and such will be the order. *Kapherr* v. *Schmidt*, 98 *N. J. L.* 803; *Boniewsky* v. *Polish Home*, 103 *Id.* 323; *Stammelman* v. *Interstate Co.*, 112 *Id.* 342, 347.

The judgment of the trial court will be affirmed. The defendant's appeal and the plaintiff's cross appeal having each failed, no costs will be allowed in this court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.